NOURSE & BOWLES, LLP
Attorneys for Plaintiff
SAMSUN LOGIX CORPORATION
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SAMSUN LOGIX CORPORATION,

            Plaintiff,

    - against -

SIGMA SHIPPING INC.,

            Defendant.
------------------------------------------------------------X

JUDGE SAND

07 CV 2833

07 Civ.   ( )

**VERIFIED COMPLAINT**

Plaintiff, Samsun Logix Corporation ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant Sigma Shipping Inc. ("Defendant"), alleges as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Korea with an office and place of business at 5-6F, Lee Ma Building, 146-1, Soosong-dong, Jongno-gu, Seoul, Korea.

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of the British Virgin Islands conducting business c/o Densay Denizcilik Ve Ticaret A.S., 19 Mayis Mahallesi, Sinan Ercan Cad No 18, Pasakorusua A Blok, Kazasker, Kadikoy, Istanbul 81120, Turkey.

4. Pursuant to a contract of time charter party dated November 9, 2005, Plaintiff, as disponent owner, chartered the vessel M/V MONTEGO II to Defendant, as charterer. The charter provides for resolution of disputes between the parties by arbitration in London with English law to apply.

5. Defendant was obliged to pay Plaintiff charter hire and other amounts under terms set forth in the charter. This included the payment of hire every 15 days, in advance at a rate of $22,750 per day or pro rata.

6. Defendant has made certain wrongful deductions from various hire payments that were due and owing to Plaintiff under the charter. This included initial wrongful deductions in the amount of $134,219.50 followed by further wrongful deductions in the amount of $81,154.32, for total wrongful deductions in the amount of $215,373.82.

7. By reason of the foregoing premises, Defendant has breached its payment obligations to Plaintiff under the charter and Defendant owes to Plaintiff the principal sum of $215,373.82, as best as can presently be calculated. Plaintiff had demanded arbitration in London to recover said amount together with interest and costs.

8. An escrow has been established in London to secure Defendant's initial wrongful deductions from hire in the principal amount of $134,219.50. Plaintiff remains

unsecured for the further wrongful deductions made by Defendant in the principal amount of $81,154.32 and Plaintiff seeks process of maritime attachment and garnishment from this Honorable Court in order to secure its position for this $81,154.32 amount in the London arbitration.

9. Interest is routinely awarded to a party prevailing on a monetary claim in London arbitration and Plaintiff claims interest of $25,000 on its claim of $81,154.32, the said amount of interest being an estimate for what would be due and owing on completion of an arbitration in London together with any possible appeals.

10. In addition to the foregoing, solicitor's fees and expenses as well as arbitrators' fees and arbitration costs are routinely awarded to the prevailing party in London arbitration and Plaintiff claims the additional amount of $50,000 as an estimate for solicitor's fees and expenses and arbitrators' fees and arbitration expenses respecting Plaintiff's claim of $81,154.32.

11. By reason of the foregoing premises, Plaintiff seeks process of maritime attachment and garnishment against Defendant respecting its unsecured principal claim of $81,154.32 in the total amount of $156,154.32 which includes the aforesaid estimates for interest and awardable costs.

12. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire

or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplement Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing or otherwise the property of the Defendant up to the amount of $156,154.32 to secure Plaintiff in the London arbitration, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

C. That such property attached pursuant to the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that the action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

E.  That Plaintiff have such other, further and different relief as may be just and proper.

Dated:  New York, New York
April 9, 2007

                                       NOURSE & BOWLES, LLP
                                       Attorneys for Plaintiff

By: _____
                                       John P. Vayda (JV-0339)
                                       One Exchange Plaza
                                       At 55 Broadway
                                       New York, NY  10006-3030
                                       (212) 952-6200

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

JOHN P. VAYDA, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

Sworn to before me this
9th day of April, 2007

Corine M. Calligan
Notary Public HOLLIGAN
Notary Public, State of New York
No. 01CO6014998
Qualified in Richmond County
Commission Expires 10/19/20/0

6